UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **C.S. and E.S.,** ***individually and on behalf of their minor child, B.S.,*** <br><br> **Plaintiffs,** <br><br> **-against-** <br><br> **NEW YORK CITY DEPARTMENT OF EDUCATION,** <br><br> **Defendant.** | **1:25-cv-05076 (ALC) (SLC)** <br><br> **OPINION AND ORDER** |

**ANDREW L. CARTER, JR., United States District Judge:**

Plaintiffs C.S. and E.S., individually and on behalf of their minor child B.S., bring this action against New York City Department of Education for attorneys' fees and costs following an administrative hearing conducted pursuant to, *inter alia*, the Individuals with Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. § 1400, et seq. Before the Court are cross motions for summary judgment filed by Plaintiffs and Defendant. For the reasons that follow, Defendant's motion is **GRANTED** and Plaintiffs' motion is **DENIED**.

## BACKGROUND

### I. Factual History[1]

On September 4, 2024, the Law Office of Steven Alizio, PLLC ("LOSA") filed a due process complaint ("DPC") on Plaintiffs' behalf, alleging Defendant denied B.S. a free appropriate public education ("FAPE") for the 2024-2025 school year. *See* ECF No. 39 ¶ 1. The case was designated case number 284727. *See* ECF No. 31 ¶ 1. A hearing on the merits was held in case

[1] This factual history is drawn from Defendant's Statement of Undisputed Material Facts submitted pursuant to Local Civil Rule 56.1, *see* ECF No. 19, Plaintiffs' counterstatement, *see* ECF No. 31, Plaintiffs' Rule 56.1 Statement, *see* ECF No. 32, Defendant's counterstatement, *see* ECF No. 39, the summary judgment briefing, and the exhibits attached thereto. The Court largely cites either Plaintiffs' counterstatement to Defendant's Rule 56.1 Statement, *see* ECF No. 31, or Defendant's counterstatement to Plaintiffs' Rule 56.1 Statement, *see* ECF No. 39, where a fact is not in dispute.

number 284727 on January 15, 2025. *See* ECF No. 39 ¶ 2. At the hearing, the DOE introduced one exhibit, a 30-page Individualized Education Plan ("IEP") and presented no witnessed. *See id*. ¶ 3. Plaintiffs introduced ten exhibits into evidence, including testimonial affidavits of their two witnesses, C.S. and Mr. Matsko. *See id*. ¶ 4. Defendant asserts the hearing lasted ten minutes. *See* ECF No. 18 at 12. In a Findings of Fact and Decision ("FOFD") dated January 15, 2025, Impartial Hearing Officer ("IHO") Patricia Le Goff concluded that the DOE failed to offer B.S. a FAPE for the 2024-2025 school year and ordered the DOE to fund B.S.'s full tuition to Winston Prep for the 2024-2025 school year. *See id*. ¶ 6. Neither party appealed the IHO's FOFD. *See id*. ¶ 8. On May 22, 2025, LOSA submitted a fee claim to the DOE in connection with case number 284727 in the amount of $11,123.00. *See* ECF No. 31 ¶ 3. Although in dispute, as discussed further below, Defendant state they made a settlement offer of $9,500 to Plaintiffs on June 3, 2025.

## II. Procedural History

On June 17, 2025, Plaintiff filed a complaint initiating this action. *See* ECF No. 1. On July 9, 2025, Defendant filed its answer to the complaint. *See* ECF No. 7. On September 10, 2025, Magistrate Judge Sarah L. Cave ordered that "Plaintiffs shall be permitted to seek fees and costs through the date of this Order." ECF No. 14. Further, Judge Cave directed Plaintiffs to "provide Defendant with their updated attorney billing records through the date of this Order" by September 24, 2025. *See id*. Judge Cave also set a briefing schedule for Defendant to file its motion for summary judgment. *See id.* On October 8, 2025, Defendant filed notice of its motion for summary judgment, along with an accompanying memorandum of law in support, declarations from Kimberly G. Seals and Marina Moraru, and its Rule 56.1 Statement of Material Facts. *See* ECF Nos. 15-19. On October 14, 2025, Plaintiffs filed a letter motion to compel Defendant to withdraw or strike documents included in its motion for summary judgment. *See* ECF No. 22. On October

21, 2025, Defendant filed its memorandum of law in opposition to the letter motion to strike. *See* ECF No. 22. On October 22, 2025, Plaintiffs filed their cross motion for summary judgment, along with an accompanying memorandum of law in support of their cross motion and in opposition to Defendant's motion for summary judgement. *See* ECF Nos. 25, 26. Plaintiffs also filed supporting declarations by Steven J. Alizio, Hope H. Turbert, and Adrienne J. Arkontaky, an affidavit of C.S., a counterstatement to Defendant's Rule 56.1 Statement, and their own Rule 56.1 Statement. *See* ECF Nos. 27-32. On October 27, 2025, Plaintiffs filed their reply memorandum of law in support of their letter motion to strike. *See* ECF No. 33. On November 12, 2025, Defendant filed its reply memorandum of law in opposition to Plaintiffs' cross motion for summary judgment., along with an accompanying declaration of Marina Moraru and a counterstatement to Plaintiffs' Rule 56.1 Statement. *See* ECF Nos. 37-39. On November 26, 2025, Plaintiffs filed a reply memorandum of law in support of its ross motion for summary judgment, along with an accompanying declaration of Steven J. Alizio. *See* ECF Nos. 42-43. The Court considers these matters fully briefed. Here, Plaintiffs seek $15,417.00 in attorneys' fees and costs for worked performed by LOSA, including $11,572.50 billed for Impartial Hearing Case No. (IH#) 284727 and $3,844.50 for the federal action. *See* ECF No. 18.

## LEGAL STANDARD

"In a district court proceeding under the IDEA, the parties and the court typically style the decision as a ruling on a motion for summary judgment, but 'the procedure is in substance an appeal from an administrative determination, not a summary judgment motion.'" *Bd. of Educ. v. C.S.*, 990 F.3d 152, 165 (2d Cir. 2021) (quoting *M.H. v. N.Y.C. Dep't of Educ.*, 685 F.3d 217, 226 (2d Cir. 2012)). "Accordingly, the usual summary judgment standards do not apply." *Phillips v. Aviles-Ramos,* No. 23-cv-02140 (JPC) (JW), 2025 WL 934342, at *5 (S.D.N.Y. Mar. 27, 2025).

"Instead, when reviewing the IDEA administrative decisions, a federal court considers the record and any additional evidence the parties submit and bases its determination on a preponderance of the evidence." *Id.* (citing to 20 U.S.C. § 1415(i)(2)(C)). Under the IDEA, "the court, in its discretion, may award reasonable attorneys' fees as part of the costs . . . to a prevailing party who is the parent of a child with a disability," based on "rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished." 20 U.S.C. § 1415(i)(3)(B)-(C). "The fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *United States v. Carranza*, 751 F. Supp. 3d 295, 306 (S.D.N.Y. 2024). "To calculate a presumptively reasonable fee, a district court determines the appropriate billable hours expended and sets a 'reasonable hourly rate.'" *E.K. v. New York City Dep't of Educ.*, No. 23-CV-11276 (LGS), 2025 WL 2753258, at *2 (S.D.N.Y. Sept. 26, 2025) (citing *H.C. v. N.Y.C. Dep't of Educ.*, 71 F.4th 120, 126 (2d Cir. 2023)). "The determination of a reasonable hourly rate 'contemplates a case-specific inquiry into the prevailing market rates for counsel of similar experience and skill to the fee applicant's counsel, an inquiry that may include judicial notice of the rates awarded in prior cases and the court's own familiarity with the rates prevailing in the district.'" *Id.* (citing *Townsend v. Benjamin Enters.*, 679 F.3d 41, 59 (2d Cir. 2012)). While a district court should consider all pertinent factors, including the *Johnson* factors, when determining an appropriate hourly rate, "a court does not need to make specific findings as to each factor as long as it considers all of them when setting the fee award." *See id.* (citation omitted). When calculating the reasonable fee, the court should step "into the shoes of the reasonable, paying client, who wishes to pay the least amount necessary to litigate the case effectively." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany & Albany Cty. Bd. of Elections*, 522 F.3d 182, 184 (2d Cir. 2008). As such, "a district court may exercise its

discretion and use a percentage deduction as a practical means of trimming fat from a fee application." *G.T. v. New York City Dep't of Educ.*, No. 18-CV-11262 (GBD)(BCM), 2020 WL 1516403, at *3 (S.D.N.Y. Feb. 12, 2020), *report and recommendation adopted*, No. 18-CV-11262 (GBD)(BCM), 2020 WL 1503508 (S.D.N.Y. Mar. 30, 2020) (internal quotations and citation omitted). In addition to attorneys' fees incurred in connection with the underlying administrative proceeding, "the court may award fees for work on the fee application itself." *See id*. (internal quotations and citation omitted).

**DISCUSSION**

Under the IDEA, "the court, in its discretion, may award reasonable attorneys' fees as part of the costs to a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B). "In addition, the court may award fees 'for work on the fee application itself.'" *G.T. v. New York City Dep't of Educ.*, No. 18-CV-11262 (GBD)(BCM), 2020 WL 1516403, at *3 (internal citation omitted). As an initial matter, Defendant does not dispute that Plaintiff is a prevailing party within the meaning of the statute. *See* ECF No. 18 at 4. Thus, "the Court must determine whether, and to what extent, plaintiff should be awarded attorneys' fees and costs incurred in the underlying administrative proceeding and in this civil action." *G.T. v. New York City Dep't of Educ.*, 2020 WL 1516403, at *3 (internal citation omitted). The Court finds that it should award fees and costs under § 1415(i)(3)(B). As such, the Court must determine what fees are considered reasonable under that provision. Before addressing this question, the Court must first address Plaintiffs' motion to strike.

**I. Motion to Strike**

Plaintiffs move to strike the Declaration of Kimberly G. Seals as well as its corresponding exhibit filed in support of Defendant's motion for summary judgment. *See* ECF No. 22 at 1.

Plaintiffs argue that these documents expose the parties' confidential settlement discussions in violation of Rule 408 of the Federal Rules of Evidence. *See id*. Specifically, Plaintiffs argue these documents "reference specific dollar amounts of the parties' offers and counteroffers concerning the ultimate issue in this case—that is, the amount of legal fees and costs owed to Plaintiffs—that are inadmissible and highly prejudicial." *See* ECF No. 22 at 1.

Federal Rule of Evidence Rule 408 provides as follows:

> (a) Prohibited Uses. Evidence of the following is not admissible – on behalf of any party – either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction:
> (1) Furnishing, promising, or offering – or accepting, promising to accept, or offering to accept – a valuable consideration in compromising or attempting to compromise the claim; and
> (2) Conduct or a statement made during compromise negotiations about the claim – except when offered in a criminal case and when the negotiations related to a claim by a public office in the exercise of its regulatory, investigative, or enforcement authority
> (b) Exceptions. The court may admit this evidence for another purpose, such as proving a witness's bias or prejudice, negating a contention of undue delay, or providing an effort to obstruct a criminal investigation or prosecution.

Defendant argues that the contested submissions were not offered to prove "the validity or amount of a disputed claim" as prohibited by Fed. R. Evid. 408(a) but instead were offered for "another purpose" admissible under Fed. R. Evid. 408(b). ECF No. 24 at 8. Defendant contends that the settlement negotiations referenced in the contested submissions are relevant to establish that "(1) contrary to LOSA's assertions, Defendant engaged in settlement negotiations with LOSA, negating LOSA's contention of undue delay on Defendant's part; and (2) an offer was made on June 3, 2025 and fees should be capped at that date." *See* ECF No. 24 at 5. The statute under which Plaintiffs seek fees here requires the Court to look at settlement offers. *See* 20 U.S.C. § 1415(i)(3)(D)(i). As such, the Seals Declaration, specifically pages two and three must be considered. Although the June 3 offer is relevant, that offer was not made within the time frame

prescribed by Rule 68, nor was it made more than 10 days before the administrative hearing. In any event, as Defendant points out, the June 3 offer is relevant here to rebut any argument regarding undue delay. Accordingly, the motion to strike the Seals Declaration is hereby **DENIED**.

Additionally, Plaintiffs move to strike the declaration of Marina Moraru, arguing it violated Federal Rule of Civil Procedure 56(c)(4) and should be struck or disregarded in its entirety. *See* ECF No. 42 at 5-6. Specifically, Plaintiff's argue Moraru's declaration "is not factual and fails entirely to establish how she is competent to testify concerning Plaintiff's billing." *Se id*. at 6.

"Because a decision on the motion to strike may affect [a movant's] ability to prevail on summary judgment, it is appropriate to consider the motion to strike prior to the Motion for summary judgment." *Century Pac., Inc. v. Hilton Hotels Corp.*, 528 F. Supp. 2d 206, 213 (S.D.N.Y. 2007) (internal quotation marks omitted). Federal Rule 56(c) of Civil Procedure states that affidavits and declarations in support of motions for summary judgment "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." A court may "strike portions of an affidavit that are not based on the affiant's personal knowledge, contain inadmissible hearsay or make generalized or conclusory statements." *Hollander v. Am. Cyanamid Co.*, 172 F.3d 192, 198 (2d Cir. 1999), *cert. denied*, 528 U.S. 965 (1999), *rehr'g denied*, 528 U.S. 1107 (2000).

While "[m]otions to strike are generally disfavored," *Kehr ex rel. Kehr v. Yamaha Motor Corp., U.S.A.*, 596 F. Supp. 2d 821, 829 (S.D.N.Y. 2008) (internal quotation marks omitted), "[a] motion to strike is particularly disfavored in the Rule 56.1 context," *Pearlstein v. BlackBerry Ltd.*, No. 13CIV7060, 2022 WL 19792, at *7 (S.D.N.Y. Jan. 3, 2022). "Although Rule 56(c)(2) provides that a party moving for summary judgment may object to evidence that 'cannot be presented in a form that would be admissible in evidence,' the 2010 Committee Notes to that subsection make

clear that '[t]here is no need to make a separate motion to strike' . . . [b]ecause evidence inadmissible at trial is insufficient to create a genuine dispute of material fact." *Codename Enters., Inc. v. Fremantlemedia N. Am., Inc.*, No. 16CIV1267, 2018 WL 3407709, at *4 (S.D.N.Y. Jan. 12, 2018). "Where a court does not rely on contested submissions in deciding a motion for summary judgment, it may deny a party's motion to strike as 'academic.'" *Kleeberg v. Eber*, No. 16CV9517, 2020 WL 4586904, at *13 (S.D.N.Y. Aug. 10, 2020) (internal quotation omitted). "Alternatively, it may, without granting a motion to strike, simply 'decline to consider evidence' from the inadmissible declarations." *Sec. & Exch. Comm'n v. Mattessich*, 523 F. Supp. 3d 624, 633 (S.D.N.Y. 2021) (quoting *Fabrication Enters., Inc. v. Hygenic Corp.*, 64 F.3d 53, 59 n.5 (2d Cir. 1995)).

Here, the Court only relies on the facts admitted to by Plaintiffs and Defendant in response to each other's Rule 56.1 Statement of Material Fact. As the Court does not rely on the contested submissions in reaching its decision here, Plaintiffs' request to strike the declaration of Marina Moraru is **DENIED** as academic.

## II. Hourly Rates

Courts in our Circuit consider the following twelve *Johnson* factors in determining the reasonableness of the hourly rates requested:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Arbor Hill*, 522 F.3d at 186 n.3 (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)). "Because the determination of fees should not result in a second major litigation, . . .

courts may consider the *Johnson* factors holistically, rather than applying each factor individually to the facts of the case." *V.W. v. New York City Dep't of Educ.*, 2022 WL 37052, at *3 (S.D.N.Y. Jan. 4, 2022) (internal quotations and citation omitted). Thus, the Court need not "make separate findings as to all twelve *Johnson* factors as long as they are each considered," as they have been here. *C.B. v. New York City Dep't of Educ.*, 2019 WL 3162177, at *5 (S.D.N.Y. July 2, 2019) (internal quotations and citation omitted).

**a. Attorney Steve Alizio**

Alizio seeks fees at the rates of $465 for work performed through December 31, 2024 and $480 for work performed thereafter. *See* ECF No. 26 at 9. Alizio has approximately ten years of litigation experience in the area of special education law. *See* ECF No. 27 ¶ 11 ("Alizio Decl."). From October 2016 to September 2017, he began practicing special education law as a Law Fellow at the New York Legal Assistance Group's Special Education Unit. *See id*. He began his own practice and founded LOSA in October 2017. *See id*. ¶¶ 12-13. As the principal attorney of LOSA, he has advanced over 200 education law cases to the merits stage. *See id*. ¶ 14. Before he became an attorney, Alizio spent seven years as a New York State public school teacher. *See id*. ¶ 9.

The DOE argues that Alizio's requested rate is excessive since it exceeds "the rates assigned by courts for similarly experienced attorneys, which are typically lower than $350/hour." ECF No. 18 at 12. LOSA argues Alizio's requested rate is nonetheless reasonable given his "proficiency in special education law, reputation for tenacity and success in the field, and overall special education-related experience." *See* ECF No. 26 at 11.

Having considered the points raised by the parties and the *Johnson* factors, the Court finds that a reasonable hourly rate for Alizio's work on the administrative proceedings underlying this action would be $400. While the Court acknowledges Alizio's assertions regarding his success

and industry reputation, the DOE correctly points out that last year, the Second Circuit affirmed multiple district court decisions awarding fees at a rate lower than the $465 per hour requested by Alizio. *See Y.G. v. New York City Dep't of Educ.*, No. 22-1184-CV, 2025 WL 2090218, at *1 (2d Cir. July 24, 2025) (consolidating nineteen appeals from district court decisions awarding IDEA attorneys' fees). The Second Circuit affirmed multiple decisions awarding rates between $300 and $400 per hour for IDEA attorneys with approximately ten years of experience—the same as Alizio. *See id*. Indeed, Magistrate Judge Barabara Moses acknowledged such in a Report & Recommendation, recommending Alizio be awarded a rate of $400 per hour just a year ago. *See E.K. v. New York City Dep't of Educ*, No. 23-CV-11276 (LGS) (BCM), 2025 WL 2933573, at *8 (S.D.N.Y. Sept. 5, 2025), report and recommendation adopted, No. 23 CIV. 11276 (LGS), 2025 WL 2753258 (S.D.N.Y. Sept. 26, 2025). The underlying administrative matter was similar to the one in *E.K.*. in that the DOE did not cross-examine any of Plaintiffs' witnesses or put on a defense. Plaintiffs also concede that the underlying administrative matter in this action involved only one school year and did not involve some of the novel issues raised in *E.K.*.

Further,"[e]ven for attorneys with more than twenty years of experience in education law, the prevailing rate for IDEA litigation ranges from $360 to $420 per hour, depending on the circumstances and complexity of the case." *See id*. (citing *Y.G.*, 2025 WL 2080218, at *1). Indeed, in cases where the administrative hearing was not seriously contested by the DOE, reasonable fees have been deemed to be $425 for attorneys with more than 20 years of experience, $400 per hour for attorneys with 15 years of experience, and $325 per hour for attorneys with ten years of experience. *See K.K. v. New York City Dep't of Educ.*, 2024 WL 4203783, at *8-9 (S.D.N.Y. Aug. 22, 2024).

Accordingly, the Court finds that an hourly rate of $400 for Alizio's work on the underlying administrative proceedings would be a reasonable rate after accounting for inflation. Although this is the same rate set a year ago in *E.K.*, as discussed above, Plaintiffs concede that case involved more complex issues and more than one school year. As for Alizio's work in the instant case, the Court adopts Judge Moses' reasoning in *E.K.* and finds a 10% reduction would be appropriate, bringing his hourly rate for this portion of the case to $360. *E.K. v. New York City Dep't of Educ.*, 2025 WL 2933573, at *10 (citing to a string of cases also recommending a 10% reduction for work performed on the federal fee application as opposed to the underlying administrative proceedings).

**b. Attorney Justin B. Shane**

LOSA seeks the same fees for Shane-- $465 per hours for services before December 31, 2024 and $480 per hour for services after December 31, 2024. *See* ECF No. 26 at 11. Shane became licensed to practice law in 2006 and has nearly twenty years of experience as a litigator. *See* ECF No. 26 at 11. Shane began practicing special education law in 2017 before joining LOSA as a full-time attorney. *See id*. Similar to Alizio, Shane also has a background as a New York State public school teacher. *See id*. at 11-12. After considering the points raised by the parties and the *Johnson* factors, the Court finds that $400 per hour would be a reasonable hourly rate for Shane's work on the underlying administrative proceedings and that $360 per hour would be a reasonable rate for his work in the instant federal litigation.

**c. Attorney Hope H. Turbert**

LOSA seeks fees at rates of $425 per hour for work before December 31, 2024 and $450 per hour for work after December 31, 2024. *See* ECF No. 26 at 12. Turbert became licensed to practice law in 2013 and began practicing special education law in September of 2014. As such, Turbert has approximately eleven years of experience as a special education litigator. Plaintiffs

provide that Turbert has more experience in special education law than Alizio and Shane but LOSA sets her rate slightly lower than theirs because she is a Senior Associate without the same managerial responsibilities. *See* ECF No. 26 at 14. As noted above, in cases where the administrative hearing was not seriously contested by the DOE, reasonable fees for attorneys with ten years of experience is considered to be $325 per hour. *See K.K. v. New York City Dep't of Educ.*, 2024 WL 4203783, at *8-9 (S.D.N.Y. Aug. 22, 2024). After considering the arguments by the parties and the *Johnson* factors, the Court finds that $350 would be a reasonable hourly rate for Turbert's work in the underlying administrative proceedings and that $315 would be a reasonable rate for her work in this Court.

**d. Paralegal J. Pearly Marasigan**

LOSA seeks fees at rates of $165 for work before December 31, 2024, and $175 for work performed after December 31, 2024. *See* ECF No. 26 at 12. Marasigan started working as a paralegal at LOSA in January of 2023. *See id*. Marasigan also has a background as a New York City public-school teacher. *See id*. at 13. The DOE argues these rates are excessive and Marasigan should be assigned no more than $100 per hour. *See* ECF No. 18 at 16. Judge Moses previously found $100 an hour to be a reasonable rate for Marasigan. *See E.K. v. New York City Dep't of Educ.*, 2025 WL 2933573, at *10. Further, "[i]n this District, legal paraprofessionals are 'consistently [] awarded fees at rates of $125 an hour for senior paralegals and $100 an hour for paralegals and law clerks.'" *See id*. (quoting *N.G.B. v. New York City Dep't of Educ.*, 2023 WL 2711753, at *5 (S.D.N.Y. Mar. 30, 2023), *aff'd sub nom. Y.G.*, 2025 WL 2080218, *and aff'd*, 2025 WL 2078379 (2d Cir. July 24, 2025). Given the above and Marasigan's more limited experience, the Court finds $105 an hour would be a reasonable rate for Marasigan.

## III. Reasonable Hours and Costs

The Court now turns to the question of whether the hours expended by LOSA were reasonable. In making this determination, "courts consider . . . whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *G.T. v. N.Y.C. Dep't of Educ.*, No. 18-CV-11262 (GDB)(BCM), 2020 WL 1516403, at *6 (internal quotation and citation omitted). This inquiry is guided by the unique facts of each case, and when making this analysis, the court "may attempt to identify the specific hours that should be eliminated, or it may simply reduce the award by a reasonable percentage." *See id.* (internal quotations and citation omitted).

In cases where the defendant makes an offer of settlement, the Court must also determine whether such an offer prohibits reimbursement of fees and costs incurred thereafter. To do so, the Court first determines the reasonable amount of Plaintiff's fees and costs as of the date of the settlement offer, and only if the reasonable amount exceeds the settlement offer should the Court go on to analyze the reasonableness of Plaintiff's request for an award of fees and costs incurred after the date of the settlement offer. *See id*. ("[T]he Court must first determine the reasonable amount of plaintiff's fees and costs as of April 5, 2019. Only if that amount exceeds $12,700.01 – the amount of defendant's formal offer of settlement – should the Court go on to analyze the reasonableness of plaintiff's request for an award of fees and costs incurred after April 5, 2019."). Because the parties dispute whether an offer of settlement was made, the Court must first address this before addressing LOSA's hours.

**a. The Underlying Administrative Proceeding through June 17, 2025**

The Court now turns to the question of whether the hours expended were reasonable during the underlying administrative proceeding up until the June 17 settlement offer. For the administrative proceeding underlying this action, LOSA seeks a fee award for 24 hours of attorney

work and 5.8 hours of paralegal work, totaling 29.3 hours. *See* ECF No. 27-1 (LOSA Billing Records). The DOE argues due to the extent of excessive billing on the administrative matter, "a minimum reduction of 5.85 hours" is warranted. *See* ECF No. 17 (Moraru Decl.), ¶ 7. First, the DOE asks the Court to decline to award the 0.6 hours billed by LOSA for applying discretionary deductions to the billing. *See* ECF No. 18 at 20. On May 22, 2025, both Alizio and Marasigan billed 0.3 hours each for reviewing the timesheets to determine discretionary deductions and updating the timesheet to reflect such deductions. Further, PM included another 0.3 hour-entry that same day for updating and reviewing the timesheet and Excel formulas. Clerical tasks are generally not compensable in IDEA fee shifting litigation. *See O.R. v. New York City Dep't of Educ*., 340 F. Supp. 3d 357, 368 (S.D.N.Y. 2018) (citing line of cases holding purely clerical or secretarial tasks such as downloading, scanning, copying documents, or organizing files should generally not be billed under fee shifting statutes); *see also Mugavero v. Arms Acres, Inc.*, 2010 WL 451045, at *8 (S.D.N.Y. Feb. 9, 2010) ("While it is appropriate for an attorney to review her billing records when preparing a fee application, the time spent typing these records is not recoverable."). As such, the Court declines to award the 0.6 hours billed (0.3 by Alizio and 0.3 by Marasigan) for applying discretionary deductions.

Second, the DOE argues LOSA billed 17.6 hours for a 10-minute, minimally contested hearing which "translates to an impermissibly high prep to hearing ratio of more than 100:1." *See* ECF No. 18 at 19. Specifically, the DOE asks the Court to reduce H. Turbert's billing by 1.4 hours due to the "0.4 hours excessively billed for reviewing a DOE disclosure and 1 hours for excessive billing on DJ's affidavit." *See* ECF No. 18 at 20. Upon reviewing the firm's billing records, the Court finds the hours billed in preparation for the hearing to be excessive. The Court acknowledges that in *E.K.*, Magistrate Judge Moses did not find the 17 hours billed by LOSA on a 52 minute due

process hearing to be unreasonable. *See E.K. v. New York City Dep't of Educ*., 2025 WL 2933573, at *12. As Judge Moses noted, "prep-to-hearing ratios do not always tell the whole story." *See id*. Certain approaches to hearing preparation may invest more time in tasks such as drafting and revising witness affidavits for the benefit of a shorter, more efficient hearing. *See id*. Here, it appears a majority of the hearing preparation was the 8.2 hours spent by Ms. Turbert on drafting the testimonial affidavits for Plaintiffs' witnesses. Even so, the 10-minute hearing on January 15, 2025, which was at least minimally contested, is shorter than the 52-minute due hearing Judge Moses found 17 billed hours to be reasonable for. Courts have reduced the time billed for administrative hearings where the hours billed for hearing preparation was found to be excessive. *See, e.g., B.C. v. New York City Dep't of Educ.*, No. 21 CIV. 2840 (ER), 2022 WL 3214374, at *9 (S.D.N.Y. Aug. 9, 2022). Accordingly, the Court reduces Ms. Turbert's billing by 1.4 hours.

Third, the DOE requests the Court "deny reimbursement for the 0.1 hour billed by J. Shane on the administrative proceeding due to *de minimis* work, and reduce all remaining 0.1-hour time entries by 50%." *See* ECF No. 18 at 20. Specifically, the DOE argues 8.1 hours total were billed as 0.1 -hour entries, and 4.2 of these hours were billed by Paralegal Marasigan alone. *See* ECF No. 18 at 20. Courts in this district have found it unreasonable to continuously bill in increments of 0.10 hours for minor administrative tasks that could be discharged in seconds. *See H.A. v. New York City Dep't of Educ*., 2022 WL 580772, at *9 (S.D.N.Y. Feb. 25, 2022). Upon a review of LOSA's billing records, the Court does not find that the 0.1-hour entries billed by LOSA attorneys Alizio and Shane were for such minor or easily dischargeable tasks. Many of these entries are for email correspondence with the client or the DOE representative regarding settlement or for conversations with other lawyers regarding case strategy. *See* ECF No. 27-1.

Paralegal Marasigan, however, requires a more significant reduction as a majority of her 0.1-hour entries are for tasks including reviewing emails and downloading and saving documents. *See id*. Indeed, in *E.K.*, Judge Moses similarly recommended a reduction of more than 60% was necessary for Ms. Marasigan's hours as more than 60% of these hours were "dedicated to purely clerical tasks" including saving documents, converting documents into PDFs, filing or serving documents, and updating time sheets. *See E.K. v. New York City Dep't of Educ*., 2025 WL 2933573, at *12. As nearly every entry billed by Marasigan here is similarly dedicated to clerical tasks such as reviewing emails and saving documents, the Court similarly finds that a significant reduction of 75% for the remaining hours billed by Marasigan in the administrative proceeding is warranted here. Lastly, the Court declines to grant Shane the 0.1 hours he billed for the entirety of his work on the administrative proceeding as *de minimis*.

Finally, the Court considers the time entries billed on June 17 which comprise most of the preparation for the filing of the federal complaint and thus are entitled to the lower rates outlined above for work on the federal fee matter. The Court considers all of the billed hours for the federal action as of June 17, 2025 reasonable. Thus, applying the reasonable hourly rate discussed in Part II above to the reasonable number of hours spent by each LOSA timekeeper during the administrative proceedings, the Court finds that Plaintiffs should be awarded a total of **$8,209.37** for the administrative stage and **$1,008** for the federal stage, as follows:

__**Administrative Matter:**__

**Alizio** (6.2 hours - 0.3 deduction) = 5.9 hours. (5.9 hours x $400) = **$2,360**

**Turbert** (17.7 hours – 1.4 deduction) = 16.3 hours. (16.3 hours x $350) = **$5,705**

**Marasigan** (5.8 hours – 0.3 deduction) = 5.5 hours. (5.5 hours / 75% deduction) = 1.375 hours. (1.375 hours x $105) = **$144.37**

**Total Fees on Administrative Matter** (2,360 + $5,705 + 144.37) = **$8,209.37**

**<u>Federal Matter:</u>**

**Alizio** (0.6 hours x $360) = **$216**

**Shane** (0.9 hours x $360) = **$324**

**Marasigan** (0.6 hours x $105) = **$63**

**Federal Filing Fee** = **$405**

**Total Fees on Federal Matter** ($216 + $324 + $63 + $405) = **$1,008**

**<u>Total Fees and Costs Prior to Settlement Offer</u>**: ($8,209.37 + $1,008) = **$9,217.37**

**b. Whether an Offer of Settlement Was Made?**

The relevant IDEA fee cap provision, 20 U.S.C. § 1415(i)(3)(D)(i), states:

> Attorneys' fees may not be awarded and related costs may not be reimbursed in any action or proceeding under this section for services performed subsequent to the time of a written offer of settlement to a parent if –
>
> (I) the offer is made within the time prescribed by Rule 68 of the Federal Rules of Civil Procedure or, in the case of an administrative proceeding, at any time more than 10 days before the proceeding begins;
>
> (II) the offer is not accepted within 10 days; and
>
> (III) the court or administrative hearing officer finds that the relief finally obtained by the parents is not more favorable to the parents than the offer of settlement.

Defendant argues that the Court should apply the IDEA's fee cap provision and decline to award Plaintiffs for any work performed after June 3, 2025 when Defendant asserts it made a fully-valued settlement offer of $9,500. *See* ECF No. 18 at 10. Nonetheless, Plaintiffs argue they "understood the $9,500 offer contained in Ms. Seal's June 3, 2025 email to encompass a claim outside of the scope of the instant proceeding—that is, a claim for interest regarding case number 264516." *See* ECF No. 26 at 22. Further, Plaintiffs argue that even if the Court were to find "the

$9,500 offer to be limited in scope to the fee claim associated with case number 284727, . . . a valid Rule 68 agreement could not be formed when Plaintiffs did not understand the complete details and terms of the 'offer.'" *See* ECF No. 26 at 23. The Court need not reach the question of whether the June 3 offer was limited in scope to the fee claim associated with case number 284727 because the June 3 offer was not made within the time frame prescribed by Rule 68. Federal Rule of Civil Procedure 68 applies to offers made after an action has commenced and up 14 days before the scheduled trial date. Fed. R. Civ. Pro. 68 (a). As such, the Court turns its analysis to offers made after the filing of the federal complaint on June 17, 2025. *See* ECF No. 1. Defendant argues Ms. Seals, on behalf of DOE, offered LOSA the same $9,500 settlement offer on June 17, 2025, the same day the federal complaint was filed. *See* ECF No. 18 at 10. Mr. Alizio admits that the offer of settlement was emailed to him following the filing of the federal complaint. *See* ECF No. 27-1 at 8. Mr. Alizio also notes that the DOE's offer would "have to be higher now given the extra work and federal filing fee." *See id*. The Court considers the offer of $9,500 made on June 17, 2025 to constitute a valid settlement offer as it was made after the filing of the federal complaint and commencement of this action. Because the Court finds that Plaintiffs are entitled to a total of **$9,217.37** in reasonable attorneys' fees incurred before June 17, 2025, and because this amount is less than the $9,500 offer of settlement made on June 17, 2025, Plaintiffs are foreclosed from seeking an award for fees and costs incurred after that date. *See* 20 U.S.C. § 1415(i)(3)(D)(i).

## CONCLUSION

For the foregoing reasons, Defendants' motion to strike is hereby **DENIED**, and Defendant's motion for summary judgment is hereby **GRANTED** and Plaintiff's recovery of reasonable attorney's fees in this action is limited to $9,500. Plaintiffs' motion is **DENIED**. The Clerk of the Court is respectfully directed to terminate the pending motions at ECF Nos. 15, 22, 25.

**SO ORDERED.**

**Dated: September 22, 2026**
**New York, New York**

**ANDREW L. CARTER, JR.**
**United States District Judge**